Rex, J.
At all times since the passage of the act of March 7, 1831, directing the mode of trial in criminal cases (S. & C. 1181), the courts of this state have had authority, and were required to assign such counsel as any person in-dieted in such courts might desire, if the accused person had not the ability to procure counsel. This provision is contained in section 14 of the act named; but the act does not in any of its sections provide for or authorize compensation for services rendered under' such appointment.
Acting on the principle claimed by counsel for the relator in this case, “ that the same act that requires courts to assign counsel to defend indigent prisoners, by implication authorizes compensation for the services rendered under the *601 assignment,” it is to be inferred from subsequent legislation, that the practice obtained among counsel thus assigned, under section 14 of the act above referred to, to present their claims for compensation for such services to the county auditor, who, without further authority, drew orders for their payment out of the eouUty treasury. In support of this inference, we find that on the 4th of March, 1844, an act was passed to regulate the fees of attorneys and counsellors ‘at law, (S. & C. 94), which prohibited the auditing or allowing of such compensation by the county auditor, until the account or claim for the same had been examined and allowed by the county commissioners, and the amount allowed for the services certified by them.
The acts of March 7, 1831, and March 4,1844, remained in force until March 14, 1862, when the act of that date, to amend section 14 of the act of March 7, 1831, was passed (59 Ohio Laws, 26). By this act, section 14 of the act of 1831 was amended by adding to the original section the following: “ Provided such counsel shall receive no compensation to be paid out of either the county or state treasury.” Section 3 of the act repealed section 14 of the original act, and the proviso contained in section 14 as amended, being in direct conflict with the provisions of the act‘of March 4, 1844, in accordance with the well settled rules of construction, repealed that act also.
The act of February 1, 1866 (S. & S. 612), to amend section 14 of the act of March 7, 1831, as amended by the act of March 24, 1862, amends that section by adding thereto the following: “And it shall not be lawful for the county auditor of any county in this state to audit or allow any account, bill, or claim hereafter presented by an attorney or counsellor at law for services performed under the provisions of this section, until said account, bill, or claim shall have been examined and allowed by the county commissioners of the proper county, and the amount so allowed for such services certified by said commissioners; provided, that no such account, bill, or claim shall, in any case, exceed -one hundred dollars.” Section 2 of this act repeals section *602 14 of the act of March 7, 1831, as amended by the act of March 24, 1862.
Section 104 of the code of criminal procedure, 66 Ohio L. 303, re-enacts, substantially, section 14 of the act of March 7,1831, and by the 4th clause of section 225 repeals that act; and by the 37th clause* of the same section repeals the first clause of section 14, in section 1 of the act to amend section 14 of the act of March 7, 1831, passed February ly 1866, so that when the code of criminal procedure took effect, to wit, August 1, 1869, the courts of this state were authorized and required by section 104 of the code to assign counsel to defend indigent persons indicted in such courts; and under the clause of the act of February 1, 1866, not repealed by the 37th clause of section 225 of the code, the claims of attorneys for defending such prisoners, not exceeding in any case $100, were authorized to be paid out of the county treasury on the allowance of the commissioners and their certificate of the amount of the claim so allowed.
The act of April 18, 1870, 67 Ohio L. 96, purporting to amend section 14 of the act of March 7, 1831, as amended by the act of February 1, 1866 (a portion of which latter act and the whole of which former act were repealed by the code as above shown), authorized courts to assign counsel for indigent persons indicted for capital offenses or offenses punishable by imprisonment in the penitentiary, and prohibited the county auditor from auditing or allowing any claim of any attorney, for services performed under the act, until the same had been examined, allowed and certified by the court in which the services were rendered, and also repealed the act of February 1, 1866.
On the 5th of January, 1871, 68 Ohio L. 3, section 104 of the code of criminal procedure was so amended, as to make an “ opportunity had for receiving ” a copy of an indictment by a defendant equivalent to service of a copy of the indictment upon him, and the original section repealed; and on the 3d of March, 1875, 72 Ohio L. 46, the act of April 18, 1870, was repealed and a substitute therefor enacted which authorized courts to assign counsel for indi *603 gent persons indicted for capital offenses or offenses punishable by imprisonment in the penitentiary for life, and prohibited the county auditor from auditing or allowing any claim of any attorney-at-law for services rendered under the act until such claim had been examined and allowed by the county commissioners and the amount allowed certified by them.
Erom the foregoing it appears, that at the time the services were rendered by the relator, there were two statutes in force on the subject of the assignment of counsel for indigent prisoners, to wit, section 104 of the code of criminal procedure as amended by the act of January 5, 1871, and the first clause of section 1 of the act of March 3,1875; and a single statute on the subject of compensation for services rendered under such assignments, to wit, the last clause of section 1 of the act of March 3,1875, which forbids compensation for such services to be paid out of the county treasury, except in cases either capital or punishable by imprisonment for life in the penitentiary.
The offense for which Theodore Eck was indicted was punishable by imprisonment in the penitentiary for a term of years only, and it therefore follows, that the services rendered by the relator in his defense, under the assignment of the court, can not be paid for out of the county treasury.

Writ refused.

Welch, C. J., White, Gilmore, and McIlvaine, JJ., concurred.